**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>KK REAL ESTATE INVESTMENT FUND, LLC, and TURNBERRY TOWERS EAST UNIT OWNERS ASSOCIATION,<br><br>Defendants. | Case No. 2:17-cv-02493-RFB-VCF<br><br>**ORDER** |

**I.    INTRODUCTION**

Before the Court are Plaintiff Capital One, National Association's ("Capital One") Motion to Certify Question to the Nevada Supreme Court and Motion to Stay Case. ECF Nos. 29, 30. For the following reasons, the Court denies both motions.

**II.    PROCEDURAL BACKGROUND**

Plaintiff Capital One sued Defendants KK Real Estate Investment Fund, LLC ("Buyer") and Turnberry Towers East Unit Owners Association (the "HOA") seeking quiet title and a declaration that a nonjudicial foreclosure pursuant to Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish its deed of trust on a Las Vegas property on September 26, 2017. Buyer answer and counterclaimed against Plaintiff with its own claim for quiet title on February 13, 2018. ECF No. 10. The HOA answered on March 6, 2018. ECF No. 14. On October 15, 2018, an order was approved requiring that any dispositive motions be filed by November 13, 2018. On that date, Capital One filed its motion to certify question and motion to stay. ECF Nos. 29, 30. Both motions are unopposed.

## III. LEGAL STANDARD

Under Rule 5 of the Nevada Rules of Appellate Procedure ("Rule 5"), a United States District Court may certify a question of law to the Nevada Supreme Court "upon the court's own motion or upon the motion of any party to the cause." Nev. R. App. P. 5(a)—(b). The Nevada Supreme Court has the power to answer such a question that "may be determinative of the cause then pending in the certifying court and ... [where] it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5(a). Rule 5 also provides that a certification order must specifically address each of six requirements:

> (1) The questions of law to be answered; (2) A statement of all facts relevant to the questions certified; (3) The nature of the controversy in which the questions arose; (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court; (5) The names and addresses of counsel for the appellant and respondent; and (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. App. P. 5(c).

"Use of the certification procedure in any given case 'rests in the sound discretion of the federal court.'" Louie v. U.S., 776 F.2d 819, 824 (9th Cir. 1985). "Even where state law is unclear, resort to the certification process is not obligatory." Riordan v. State Farm Mut. Auto. Ins. Co., 589 F.3d 999, 1009 (9th Cir. 2009).

## IV. FACTUAL BACKGROUND

Capital One alleges the following in its motion to certify: Nonparties Orlando and Nila Guastella purchased real property located at 322 Karen Avenue, Unit 1807, Las Vegas, Nevada 89109 (the "property"). The property was subject to the conditions, covenants, and restrictions (CC&Rs) of the Turnberry Towers East Unit Owners Association. The Guastellas borrowed

///

$712,000 secured by a deed of trust against the property. The lender and beneficiary under the deed of trust was ING Bank, FSB. Capital One is successor-by-merger to ING.

The Guastellas fell behind on their HOA assessments in February 2010. At the time the monthly assessment for the property was $784.14. A notice of delinquent assessment lien was recorded on August 9, 2010. The Guastellas entered into a payment plan with the HOA. Between December 2010 and October 2011, they made ten partial payments totaling $14,346.85. Nine months' assessments is $7057.26 The Guastellas were ultimately unable to pay the full amount, causing the HOA to foreclose. The Buyer purchased the property at the HOA sale. Capital One now seeks to certify the following questions:

1. When a homeowner makes one or more partial payments against a delinquent assessment lien, and the amount of the payment(s) is greater than the amount of the lien that is entitled to a superpriority under NRS 116.3116(2) (2012), does the homeowner's payment count against and extinguish the super-priority piece of the lien?
2. If so, can a purchaser at a later foreclosure sale nevertheless take title free and clear of a first security interest on the ground that the purchaser was unaware of the homeowner's payments?

## V. DISCUSSION

The Court finds that Capital One's Motion to Certify is premature. Parties were supposed to have filed dispositive motions on November 13, 2018. Instead, Capital One filed the instant motion. The Court finds that it does not have sufficient facts before it in order to make a determination as to whether certification of these questions to the Nevada Supreme Court is necessary. Accordingly, the Court denies Capital One's motions without prejudice and instructs the parties to either file their dispositive motions or a joint pretrial order.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Certify Question to Nevada Supreme Court (ECF No. 29) and Motion to Stay the Case Pending Answer to Certified Question (ECF No. 30) are denied.

**IT IS FURTHER ORDERED** that all parties file either their dispositive motions or a joint proposed pretrial order within 30 days of the date of this order.

DATED: September 30, 2019.

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**